UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Bruce Weiss,<br>1246 Gerard St., NW, Basement<br>Washington, D.C., 20009<br><br>    PLAINTIFF<br><br>    vs.<br><br>NxCare, Inc.<br>218 Silver Creek Pkwy. North<br>Suite 1163<br>Guelph, ON N1H 8E8<br>CANADA<br><br>    DEFENDANT | Judge _____<br>Civil Action No. _____ |

COMPLAINT
(Consumer Protection)

THE PARTIES

    1.   Plaintiff Bruce Weiss is a citizen of the District of Columbia residing at 1246 Gerard St., NW Basement, Washington, DC 20009. Plaintiff brings this action on behalf of himself and the general public.

    2.   Defendant NxCare, Inc. is a Canadian corporation with a principal place of business at 218 Silver Creek Parkway North, Suite 1163, Guelph, ON Canada N1H 8E8. Defendant NxCare, Inc. operates as an unincorporated foreign business in the state of New York.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the Defendant and over the subject matter of this jurisdiction pursuant to 28 USC §§ 1331 and 1332, and 15 USC § 1121 (2005).

4. Venue is properly based in this District under 28 U.S.C. § 1391 (2005).

## THE FACTS

5. On or about February 2005, Plaintiff purchased a bottle of Lean XP for $39.95 at the retail store Yes Natural Foods located at 658 Pennsylvania Ave., SE in the District of Columbia.

6. On or about February 2005, Plaintiff commenced using the recommended dose of Lean XP. Plaintiff continued to use the recommended daily dose each day for the following approximately six weeks.

## REPRESENTATIONS AND OMISSIONS BY THE DEFENDANT

7. Defendant has labeled, advertised, promoted, offered for sale, sold, or distributed, in the District of Columbia, a product for human consumption under the name Lean XP.

8. Defendant has sold or offered for sale nutritional and dietary supplements to citizens of the District of Columbia through its website www.nxcare.com.

9.   The "Terms of Use" page at www.nxcare.com/terms.php states, "The material contained within the Sites . . . shall only be construed and evaluated according to United States law."

10.  Defendant's logo as it appears on Plaintiff's bottle of Lean XP contains the mark ® identifying it as a registered mark.

11.  Defendant knew or should have known that the term or phrase "NxCare" is not a registered mark in the United States.

12.  Plaintiff's bottle of Lean XP does not list Defendant's street address.

13.  The "Supplement Facts" panel on Plaintiff's bottle of Lean XP indicates that 700 mg of ThermoLean™ is contained in the product.

14.  The mark ThermoLean was first used in commerce in the United States by Enrich Corporation referring to a nutritional or dietary supplement, and was subsequently registered in the United States Patent and Trademark Office (Registration #2005214).

15.  The mark described in paragraph 14 is currently owned by Wells Fargo Business Credit, Inc. a Delaware Corporation having its principal place of business in Phoenix, Arizona.

16.  ThermoLean is also the name of a product marketed in the United States by BMF Hardcore USA as a dietary supplement for weight loss.

17. Defendant's address is not available through a current city directory or telephone directory.

18. The product page for Lean XP on Defendant's website contains the following statements in the "Product Info" section:

". . . Lean XP, one of the world's most powerful appetite suppressant (sic) on the market!";

"It [Lean XP] attacks fat loss through three separate mechanisms: 1) Xtreme Appetite Suppressant, 2) Xtreme Carb Blocker, and 3) Xtreme Thermogenic – all in one formula!"; and "The scientifically designed weight-loss technology of Lean XP delivers fat-loss beyond ephedra!"

19. Through the means described in paragraph 18, which is incorporated herein, and through product labeling, advertisements, and promotional materials, Defendant has represented, expressly or by implication, that:

    a. Lean XP causes substantial weight loss;

    b. Lean XP is safe for human consumption when used as directed;

    c. Lean XP may be safely consumed at any time;

    d. Lean XP substantially suppresses appetite;

    e. Lean XP is the most powerful appetite suppressant on the market;

    f. Lean XP causes substantial weight loss by blocking or removing carbohydrates;

    g. Lean XP helps increase adherence to a low-carbohydrate diet; and

    h. Lean XP is more effective than ephedra in causing weight loss.

20. Defendants did not possess and rely upon a reasonable basis that substantiated the representations set forth in Paragraph 19 above at the time the representations were made.

21. The label on Plaintiff's bottle of Lean XP states that Lean XP contains the following active ingredients:

Glucomannan (Amorphophallus konjac)

Hoodia Gorgonii Cactus

Simthin Jojoba Seed Extract

Kidney Bean Extract (Phaseolus vulgaris)

Cassia Nomame Extract

Caffeine-free Green Tea Leaf Extract

Gymnema Sylvestre Extract

Cocoa Bean Extract (Theobroma cacao)

22. The label on Plaintiff's bottle of Lean XP contains the phrases, "Reduces Hunger", "Blocks Carbs" and "Thermogenic".

## SAFETY AND EFFICACY

23. Individuals having diabetes have been or will be harmed by relying on Lean XP's purported carbohydrate-blocking effects to calculate their diet.

24. Individuals having hypoglycemia and individuals receiving treatment for diabetes have been or will be harmed by the reduction of blood sugar level caused by consumption of Lean XP.

25. Plaintiff did not experience suppression of his appetite.

26. Plaintiff did not substantially lose weight while consuming Lean XP.

27. Glucomannan is a water-soluble gum, chemically processed from konjac tubers.

28. Plaintiff's bottle of Lean XP does not contain the full "Choking" warning prescribed by 21 CFR § 201.319 for over-the-counter drugs containing glucomannan.

29. In an August 26, 1993 press release, the FDA states, "Virtually all weight control products containing water-soluble gums were banned from the marketplace by FDA in March 1992." The release also notes that eighteen deaths occurred between 1970 and 1992 which resulted from oral administration of laxative or weight loss products containing water-soluble gums.

30. The label on Plaintiff's bottle of Lean XP does not indicate which part or parts of the *Hoodia gorgonii* plant, or extracts thereof, are present in the product.

31. Defendant failed to notify the FDA at least 75 days before the introduction into interstate commerce of the new

dietary ingredient *Hoodia gorgonii*, as required by 21 USC § 350b(a) and 21 CFR § 190.6.

32. Lean XP contains simmondsin, a purported appetite suppressant, extracted from *Simthin Jojoba* seeds.

33. A January 2004 study published by the California Agricultural Technology Institute concluded, "Products currently on the market containing simmondsin should be recalled due [sic] the toxic effect of this compound until further studies understanding the mechanism are conducted."

34. Defendant failed to notify the FDA at least 75 days before the introduction into interstate commerce of either of the new dietary ingredients *Simthin jojoba* or simmondsin as required by 21 USC § 350b(a) and 21 CFR § 190.6.

35. The FDA has received complaints of nausea, vomiting, diarrhea, and stomach pains in connection with weight loss supplements containing kidney bean extract.

36. The label on Plaintiff's bottle of Lean XP does not indicate whether the *Cassia nomame* in the product is extracted from the fruit, leaf, or other portion or portions of the plant.

37. Defendant failed to notify the FDA at least 75 days before the introduction into interstate commerce of the new dietary ingredient *Cassia nomame*, as required by 21 USC § 350b(a) and 21 CFR § 190.6.

38. Defendant failed to notify the FDA at least 75 days before the introduction into interstate commerce of the new

dietary ingredient *Gymnema sylvestre*, as required by 21 USC § 350b(a) and 21 CFR § 190.6.

39.   Defendant failed to file a notification with the FDA, pursuant to 21 USC § 343(r)(6) and 21 CFR § 101.93, within 30 days of marketing a dietary supplement, Lean XP, that bears the statements of nutritional support described in paragraph 22.

**FIRST CAUSE OF ACTION:**

**VIOLATIONS OF D.C. CODE § 28-3904(a) (2005)**

40.   This Count realleges and incorporates by reference paragraphs 1-39.

41.   Defendant has violated D.C. Code § 28-3904(a) by representing that Lean XP has the characteristics, uses and benefits described in paragraph 19, and incorporated here by reference, which in fact it does not have.  Defendant made these representations in willful disregard for the rights of consumers.

**SECOND CAUSE OF ACTION:**

**VIOLATIONS OF D.C. CODE § 28-3904(d) (2005)**

42.   This Count realleges and incorporates by reference paragraphs 1-41.

43.   Defendant has violated D.C. Code § 28-3904(d) by representing that Lean XP is a "pharmaceutical quality dietary supplement" when in fact it is not of that quality.  Defendant

made this representation in willful disregard for the rights of consumers.

### THIRD CAUSE OF ACTION:
### VIOLATIONS OF D.C. CODE §§ 28-3904(e) AND (f) (2005)

44. This Count realleges and incorporates by reference paragraphs 1-43.

45. Defendant has violated §§ 28-3904(e) and (f) by misrepresenting and omitting material facts which tends to mislead consumers, as described in paragraphs 10-43. Defendant's misrepresentations or omissions were made in willful disregard for the rights of consumers.

### FOURTH CAUSE OF ACTION:
### VIOLATION OF D.C. CODE § 28-3904(g) (2005)

46. This Count realleges and incorporates by reference paragraphs 1-45.

47. Defendant has violated § 28-3904(g) by disparaging ephedra-based weight loss products through false or misleading statements, as described in paragraph 18. Defendant's disparagement was made in willful disregard for the rights of consumers.

### FIFTH CAUSE OF ACTION:
### VIOLATIONS OF D.C. CODE § 28-3904(w)

48. This Count realleges and incorporates by reference paragraphs 1-47.

49. Defendant has violated § 28-3904(w) by selling a consumer product, Lean XP, which is not in conformity with applicable consumer product safety standards described in paragraphs 50 and 51.

50. Defendant has sold a dietary supplement in a condition or manner not consistent with D.C. Code § 48-103(2)(Q)(i) in that Lean XP is or contains one or more dietary ingredients that present a significant or unreasonable risk of illness or injury under conditions of use recommended in labeling, as described in paragraphs 23-39. Defendant acted in willful disregard for the rights of consumers.

51. Defendant has sold Lean XP in a condition or manner not consistent with D.C. Code § 48-103(2)(Q)(ii) by using new dietary ingredients, including *Hoodia Gorgonii*, *Simthin Jojoba*, *Cassia Nomame*, and *Gymnema Sylvestre*, or extracts thereof, for which there is inadequate information to provide reasonable assurance that the ingredient does not present a significant or unreasonable risk of injury, as described in paragraphs 23-39. Defendant acted in willful disregard for the rights of consumers.

**SIXTH CAUSE OF ACTION:**

**VIOLATIONS OF D.C. CODE § 28-3904(x)**

52. This Count realleges and incorporates by reference paragraphs 1-51.

53. Defendant has violated D.C. Code § 28-3904(x) by selling consumer goods in a condition or manner not consistent with that warranted by operation or requirement of federal law, as described in paragraphs 54-63. Defendant acted in willful disregard for the rights of consumers.

54. Based on the representations described in paragraphs 18 and 19, Lean XP is part of a class of products, appetite suppressants, which are intended to treat the disease of obesity.

55. For the reason set forth in paragraph 54, Lean XP is a drug pursuant to 21 CFR § 101.93(g)(2)(v).

56. Lean XP is a new drug as defined in 21 USC § 321(p) because it is not generally recognized as safe and effective when used as labeled.

57. Defendant has violated the requirements of 21 USC § 355 by selling a new drug, Lean XP, without an approved new drug application.

58. Lean XP is a misbranded drug under 21 USC § 352(a) because its labeling is false or misleading.

59. Lean XP is a misbranded drug under 21 USC § 352(c) because information required by 21 CFR § 201.319 ("Choking" warning) does not prominently appear on the label, as described in paragraph 28.

60.  In the alternative to paragraphs 54-59, Lean XP is a dietary supplement which is misbranded under 21 USC § 403(s)(2)(c) because the label or labeling of Lean XP fails to identify the part of the plant from which the ingredient is derived, as described in paragraphs 30-36.

61.  Defendant has violated 21 U.S.C. § 301(k) by holding for sale after shipment in interstate commerce a misbranded product, Lean XP.

62.  Defendant has violated 21 C.F.R. § 101.5 (d) by failing to state completely the address of its place of business.

63.  Defendant has violated various provisions of the Lanham Act, as described in paragraphs 64-68.

**SEVENTH CAUSE OF ACTION:**

**VIOLATIONS OF THE LANHAM ACT**

64.  This Count realleges and incorporates by reference paragraphs 1-63.

65.  Defendant has violated 15 § USC 1125(a)(1)(A) by using in commerce the symbol ® in connection with the name NxCare, as described in paragraphs 10 and 11 which are incorporated here by reference, which is likely to cause confusion, or to cause mistake.

66.  Defendant has violated 15 § USC 1125(a)(1)(B) by using in commercial advertising words, terms, false or misleading

descriptions of fact, and false or misleading representations of fact, as described in paragraphs 12-62, which misrepresent the nature, characteristics, and quality of its goods.

67. Plaintiff reasonably believes that he has been damaged by the acts described in paragraphs 65 and 66.

68. Defendant has violated 15 § USC 1124 by importing into the United States bottles of Lean XP having labels which copy the name of a domestic manufacture, as described in paragraph 14-16.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court, pursuant to D.C. Code § 28-3905(k)(1) and its own equitable powers, to:

(1) Enter judgment against the Defendant and in favor of Plaintiff for each violation alleged in this complaint;

(2) Award Plaintiff a civil monetary penalty of $1,500.00;

(3) Award Plaintiff punitive damages of $200,000.00;

(4) Award Plaintiff costs and reasonable attorney's fees;

(5) Enjoin Defendant from engaging in, or assisting others engaged in, violations of D.C. Code § 28-3904 (2005);

(6) Award Plaintiff any other relief which the Court deems proper.

-14-

Respectfully Submitted,

_____

Jeffrey L. Light
D.C. Bar #485360
Patients not Patents, Inc.
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213

Attorney for Plaintiff