UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE WEISS,<br><br>Plaintiff,<br><br>v.<br><br>NxCARE, INC.<br>218 Silver Creek Pkwy, North<br>Suite 1163<br>Guelph, ON N1H 8E8<br>Canada<br><br>Defendant. | Civil Action No. 05-1781 (JR) |

## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)

Defendant NxCare, Inc. ("Defendant"), by its attorneys and pursuant to Federal Rule of Civil Procedure 12(b)(2), requests that this Court dismiss the Complaint filed by Plaintiff Bruce Weiss ("Plaintiff") for lack of personal jurisdiction.

As grounds for this motion, Defendant states that although Plaintiff fails to allege the grounds on which personal jurisdiction lies, neither specific nor general personal jurisdiction exists over Defendant. Plaintiff has not met the requirements for asserting general jurisdiction under D.C. Code §13-334 as service was not effected in the District of Columbia. Furthermore, contrary to the allegations set forth in the Complaint, Defendant does not transact or solicit business in this District, nor does it have minimum contacts with the District of Columbia as required for the exercise of specific personal jurisdiction over Defendant pursuant to D.C. Code §13-423. Plaintiff has further failed to demonstrate how any of his claims arise out of any specific jurisdictional act asserted. Plaintiff's Complaint therefore fails for lack of personal jurisdiction over Defendant.

WHEREFORE, Defendant respectfully requests the entry of an Order dismissing Plaintiff's Complaint in its entirety.

Date: November 15, 2005

Respectfully submitted,

/s/
_____
Roger A. Colaizzi (DC Bar # 414025)
Michelle M. Marcus (DC Bar # 482627)
Venable LLP
575 7th Street, NW
Washington, DC  20004
Tel:  (202) 344-4000
Fax:  (202) 344-8300
Email:  mmmarcus@venable.com

Attorneys for Defendant NxCare, Inc.

DC2/698947

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BRUCE WEISS,<br><br>    Plaintiff,<br><br>v.<br><br>NxCARE, INC.<br>218 Silver Creek Pkwy, North<br>Suite 1163<br>Guelph, ON N1H 8E8<br>Canada<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-1781 (JR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2)

Defendant, NxCare, Inc. ("NxCare" or "Defendant"), by and through undersigned counsel, submits this Memorandum in Support of its Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2), and states as follows:

### INTRODUCTION

Under District of Columbia and federal law, to exercise personal jurisdiction over an out-of-state defendant, the plaintiff bears the burden of satisfying the requirements of both the District of Columbia long-arm statute and the due process clause of the United States Constitution.

In this case, NxCare has not transacted or solicited business in the District of Columbia, nor does it have the "minimum contacts" necessary for the exercise of personal jurisdiction over it under either the D.C. long-arm statute or the United States Constitution. Plaintiff has failed to allege specific acts supporting personal jurisdiction, and has not demonstrated how any of his

claims arise from those specific acts. Personal jurisdiction in this case is neither warranted nor appropriate, and the Complaint should be dismissed accordingly.

## STATEMENT OF FACTS

NxCare is a Canadian corporation, with a principal place of business in Guelph, Ontario, Canada, and is in the business of manufacturing and distributing dietary supplements to Canada and the United States. Declaration of John David Bradley Woodgate ("Woodgate Decl."), ¶¶ 1-2. As a manufacturer and distributor, NxCare does not control when, where, or how its customers might choose to resell Defendant's goods to consumers. *Id.*, at ¶ 2.

NxCare sells its products, including Lean XP, through retail channels, its website, as well as its call center. *Id.*, at ¶¶ 3-4. NxCare, however, has not and does not sell or offer to sell Lean XP in the District of Columbia. *Id.*, at ¶ 10. NxCare has no offices, employees, or operations in the District of Columbia, nor does it have any agents or representatives there. *Id.*, at ¶ 4. NxCare has not attended trade shows in the District of Columbia, nor has it sent catalogs or any other form of direct mail advertising to the District of Columbia. *Id.*, at ¶¶ 7-8. NxCare has not targeted advertisements at the District of Columbia, and has not labeled Lean XP in the District. *Id.*, at ¶¶ 9, 11. NxCare has no bank accounts, investment accounts, or any form of personal or real property located in the District of Columbia, nor does it have a local telephone number. *Id.*, at ¶ 6. NxCare has not engaged in or solicited any business within the District of Columbia, nor has NxCare sent employees to the District of Columbia for the purpose of soliciting or engaging in business. *Id.*, at ¶ 5.

NxCare operates a website (www.nxcare.com) through which it sells its products to consumers. *Id.*, at ¶ 3. NxCare has not sold Lean XP to any District of Columbia resident, but has had one indirect contact with the District of Columbia in connection with an order through

either its call center or its website. *Id.*, at ¶ 12. On information and belief, in October 2004 a non-U.S. citizen placed a single order for eight bottles of products, including two bottles of Lean XP, to be delivered to a Hilton hotel in the District of Columbia. *Id.* On information and belief, the Hilton hotel guest to whom the shipment containing Lean XP was sent was a non-U.S. citizen who was requesting products to take back overseas. *Id.* Except for the two bottles of Lean XP shipped to a Hilton hotel in the District of Columbia, all of NxCare's Lean XP customers are located outside of the District of Columbia. *Id.*, at ¶ 13. NxCare exercises no authority or control over the actions of such customers after they purchase the product.

Defendant recently advertised Lean XP in four relatively low circulation magazines. The ad appeared in the September 2005 issue of *Exercise for Men Only*, the August and October 2005 issues of *Men's Exercise*, the Fall 2005 issue of *Exercise and Health*, and the September 2005 issue of *Men's Workout*. *Id.*, at ¶ 14. The advertisement was not targeted at any district, much less the District of Columbia.

## ARGUMENT

A court may exercise personal jurisdiction over a non-resident defendant only "by finding specific jurisdiction based on conduct connected to the suit, or by finding general jurisdiction." *See Capital Bank Int'l Ltd. v. Citigroup, Inc.*, 276 F. Supp. 2d 72, 75 (D.D.C. 2003) (internal citations omitted). "When a plaintiff bases subject-matter jurisdiction on diversity, or on federal question where no federal long-arm statute applies, the court must apply the jurisdictional law of the state in which it resides." *Id.* (citations omitted). In the District of Columbia, general jurisdiction may be had under D.C. Code § 13-334,[1] while specific personal jurisdiction may be

---

[1] D.C.'s only other general jurisdiction long-arm statute, § 13-422, which requires the plaintiff to demonstrate that the defendant is "domiciled in, organized under the laws of, or maintains . . . its principal place of business in, the District," cannot provide the basis for general personal jurisdiction here.

3

found in §13-423(a). Though Plaintiff does not assert personal jurisdiction under any statute, it is clear that Plaintiff cannot meet its burden of proof under either D.C. Code section.

I.  *There is No Basis for Asserting General Personal Jurisdiction Over Defendant, as Plaintiff did not Serve its Complaint on Defendant in this District.*

Section 13-334 of the District of Columbia Code permits general personal jurisdiction over a foreign defendant if the corporation is "doing" or "transacting" business in the District:

> (a) In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting its business, or, when he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, where there is not such place of business, by leaving a copy at the place of business or residence of the agent in the District, and that service is effectual to bring the corporation before the court.
>
> (b) When a foreign corporation transacts business in the District without having a place of business or resident agent therein, service upon any officer or agent or employee of the corporation in the District is effectual as to actions growing out of contracts entered into or to be performed, in whole or in part, in the District of Columbia or growing out of any tort committed in the District.

D.C. Code §§ 13-334 (a) & (b) (2005).

Though on its face the statute appears to apply only to service of process, courts have construed it to be a jurisdictional statute as well. *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 674 (D.C. Cir. 1996). In order to assert general personal jurisdiction under this statute, however, courts of this Circuit have held that the complaint must be served on the defendant or its agents within the District of Columbia in accordance with the statute. *Gorman v. Ameritrade Holdings Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002) (quoting *Everett v. Nissan Motor Corp.*, 628 A.2d 106, 108 (D.C. 1993) ("[D.C. Sup. Ct. Civ. P.] Rule 4's general prescription for service of process cannot replace the specific jurisdictional requirement of [§ 13-334] that service be made in the District of Columbia.")); *see also Gowens v. Dyncorp*, 132 F. Supp. 2d 38, 42 (D.D.C. 2001) (following *Everett*). In other words, a plaintiff who serves an out-of-state defendant

4

outside the District is foreclosed from asserting general personal jurisdiction under § 13-334.

In this case, there is no dispute at all that Plaintiff did not serve its complaint on Defendant or any agent in the District of Columbia. *See* Woodgate Decl., ¶ 15. Therefore, Plaintiff is foreclosed from asserting general personal jurisdiction over Defendant under § 13-334, and the Court should reject any attempt by Plaintiff to argue that general personal jurisdiction is applicable here.

## II.   *Defendant has Not Transacted Business in the District of Columbia, and Plaintiff's Claims do Not Arise from the Asserted "Transactions of Business", and so Plaintiff Cannot Rely on D.C.'s Long-Arm Statute for Personal Jurisdiction over the Defendant.*

To determine whether personal jurisdiction over an out-of-state corporation exists, the Court must engage in a two-part inquiry—the court must first examine whether jurisdiction is applicable under the state's long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process. *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)).

In relevant part, the District of Columbia's long-arm statute provides that:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's— (1) transacting any business in the District of Columbia....

D.C. Code § 13-423(a)(1).[2] Courts have held that the scope of "transacting business" under section (a)(1) extends as far as constitutional due process permits. *Helmer v. Doletskaya*, 393 F.3d 201, 205 (D.C. Cir. 2004) (citing *Mouzavires v. Baxter*, 434 A.2d

---

[2] The remaining subsections of D.C. Code §13-423(a) do not apply in this case. In particular, subsections (a)(3) and (a)(4) do not apply because Defendant has committed no acts or omissions in or outside the District of Columbia causing tortious injury. Jurisdiction under subsection (a)(4) is further inapplicable because Defendant does not regularly do or solicit business in the District, does not engage in any other persistent course of conduct, and does not derive substantial revenue from goods used or consumed in the District.

988, 992 (D.C. 1981)); *GTE*, 199 F.3d at 1347; *Ferrara*, 54 F.3d at 828. Therefore, when evaluating jurisdiction under section (a)(1), the two-part inquiry described above collapses into one question—whether the out-of-state defendant purposefully established minimum contacts with the District of Columbia "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citation omitted); *see also Helmer*, 393 F.3d at 205; *GTE*, 199 F.3d at 1347; *Jungquist v. Sheikh Sultan Bin Khalifa al Nahyan*, 115 F.3d 1020, 1031-32 (D.C. Cir. 1997); *Ferrara*, 54 F.3d at 828.

To determine whether a plaintiff's transacting of business satisfies this constitutional due-process standard, this Court has enumerated four requirements:

1. the out-of-state defendant must have transacted some business within the District of Columbia;

2. the claim must have arisen from the business that the defendant transacted within the District of Columbia;

3. the out-of-state defendant must have some minimum contacts with the District of Columbia; and

4. the Court's exercise of personal jurisdiction must not offend traditional notions of fair play and substantial justice.

*Jung v. Association of Am. Med. Colls.*, 300 F. Supp. 2d 119, 128 (D.D.C. 2004); *Jacobsen v. Oliver*, 201 F. Supp. 2d 93, 104 (D.D.C. 2002); *Formica v. Cascade Candle Co.*, 125 F. Supp. 2d 552, 553 (D.D.C. 2001).

To meet the minimum contacts standard, the plaintiff must show that the business transacted by the out-of-state defendant was purposefully directed at the District of Columbia; random, fortuitous, tenuous or accidental contacts are not sufficient. *Cellutech, Inc. v. Centennial Cellular Corp.*, 871 F. Supp. 46, 49 (D.D.C. 1994) (citing *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 475 (1985) (omitting citations)). Moreover, the fact that a defendant is aware that the stream of commerce might sweep the defendant's products into this District is not purposeful and thus does not satisfy the minimum-contacts requirement. *Formica*, 125 F. Supp. 2d at 555 (citing *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 112 (1987)); *Holder v. Haarmann & Reimer Corp.*, 779 A.2d 264, 273 (D.C. 2001). To that end, when a defendant's contacts with a forum are the result of the unilateral act or instructions of another party, the defendant's contacts are not purposeful and thus do not satisfy the due process standard. *Burger King*, 471 U.S. at 475; *see also Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir. 1995) (defendant's connection with district not purposeful because done at the direction of another party and were not the purposeful choice of defendant); *Atlantigas Corp v. NiSource, Inc.*, 290 F. Supp. 2d 34, 44 (D.D.C. 2003); *Freiman v. Lazur*, 925 F. Supp. 14, 24 (D.D.C. 1996).

The plaintiff bears the burden of establishing a *prima facie* case to support personal jurisdiction. *Second Amendment Found. v. United States Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001); *Naegele v. Albers*, 355 F. Supp. 2d 129, 136 (D.D.C. 2005); *Manifold v. Wolf Coach, Inc.*, 231 F. Supp. 2d 58, 60 (D.D.C. 2002). In other words, the plaintiff must come forward with actual evidence of contacts between the out-of-state defendant and the forum state sufficient to satisfy the requirements of due process. Bare allegations, bald speculation, and conclusory statements do not satisfy this standard. *GTE*, 199 F.3d at 1349 (citing *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988)); *Jungquist*, 115 F.3d at 1031; *Naegele*, 355 F. Supp. 2d at 136. Where the plaintiff cannot identify any specific facts to support its assertion of personal jurisdiction, it is not an abuse of discretion to dismiss the complaint without allowing the plaintiff an opportunity to conduct jurisdictional discovery.

*Formica*, 125 F. Supp. 2d at 556; *see also Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C. Cir. 1983).

Finally, D.C. Code § 13-423(b) makes it explicitly clear that "claims unrelated to the particular transaction carried out in the District of Columbia upon which personal jurisdiction allegedly is based" are barred. *Novak-Canzeri v. HRH Prince Turki Bin Abdul Aziz Al Saud*, 864 F. Supp. 203, 206 (D.D.C. 1994) (citations omitted); *see also Jung*, 300 F. Supp. 2d at 128; *Atlantigas*, 290 F. Supp. 2d at 44 ("plaintiff's jurisdictional allegations must arise from the same conduct of which it complains"). As a result, the plaintiff must demonstrate the direct connection between the specific transaction of business forming the basis for personal jurisdiction and the plaintiff's asserted injury or be unable to assert personal jurisdiction under D.C.'s long-arm statute.

In this case, Plaintiff cannot meet the four requirements set out by this Court for jurisdiction under § 13-423(a). Accordingly, Plaintiff has not met his burden of proof and his Complaint should be dismissed for lack of personal jurisdiction.

First, NxCare has not transacted business within the District of Columbia sufficient to rise to the level of "minimum contacts." Plaintiff's blank recitation of supposed contacts has no basis in fact. Defendant has not labeled Lean XP in the District of Columbia, nor has it offered for sale or sold Lean XP in the District of Columbia. *See* Woodgate Decl., at ¶¶ 10-11. To that end, NxCare has not sold Lean XP to *Yes Natural Foods*, where Plaintiff claims to have purchased his one bottle of Lean XP. *Id.*, at ¶ 10.

Outside of one isolated shipment, discussed below, all of NxCare's Lean XP customers are located outside of the District of Columbia. *Id.*, at ¶¶ 12-13. NxCare exercises no authority or control over the actions of such customers after they purchase the product. *Id.* "It is well-

settled that 'a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.'" *Formica*, 125 F. Supp. 2d at 555 (quoting *Asahi*, 480 U.S. at 112). Without any further conduct indicating an intent or purpose to serve the market in the foreign state, the substantial connection necessary for a finding of minimum contacts is absent and personal jurisdiction does not attach. *Id.* (citation omitted); *see also Burger King*, 471 U.S. at 475. Such is the case here.

Furthermore, NxCare has not purposefully directed advertisements or promotions to the District. Though NxCare recently placed advertisements for Lean XP in four relatively-low circulation magazines, these occurred only within the past few months, and certainly well after the alleged acts leading to Plaintiff's supposed "injury." *See* Woodgate Decl., ¶ 15. Moreover, these advertisements are not targeted at any district, much less the District of Columbia.

NxCare had one indirect contact with the District of Columbia in connection with an order through either its call center or its website, www.nxcare.com. On information and belief, a non-U.S. citizen placed a single order for eight bottles of products, including two bottles of Lean XP and requested it be delivered to a Hilton hotel in the District of Columbia in October 2004. *Id.*, at ¶ 12. On information and belief, the Hilton hotel guest to whom the shipment was sent was a non-U.S. citizen who was requesting products to take back overseas. *Id.*

To that end, that NxCare sells Lean XP via its website is not sufficient to assert personal jurisdiction. Courts in this Circuit have held that "personal jurisdiction cannot be based solely on the ability of District residents to access [Defendant's] website." The question is not whether district residents can do business through the website, but whether they in fact do business. Even if a website is interactive, the website must actually be used to do business with residents in the

forum state; mere access to the website by forum residents is not enough, by itself, to establish minimum contacts with the district. *Atlantigas*, 290 F. Supp. 2d at 51-52; *see also GTE*, 199 F.3d at 1349. Plaintiff has failed to show that any of the claims asserted in the Complaint arise from business done through NxCare's website, and so cannot use the existence of the website as a basis for jurisdiction.

Second, Plaintiff has utterly failed to show how the operative facts of his claimed injury arose from any specific transacted business by NxCare in the District of Columbia. *Lohrenz v. Donnelly*, 958 F. Supp. 17, 18 (D.D.C. 1997). There is no relationship between the injury alleged by Plaintiff and any contact between NxCare and the District of Columbia, which is required for the existence of minimum contacts supporting jurisdiction. This is made all the more impossible now because NxCare has not transacted business in the District of Columbia. Without such a connection, Plaintiff cannot make use of D.C.'s long-arm statute and his Complaint fails for lack of personal jurisdiction.

Finally, Plaintiff has not shown that NxCare has such minimum contacts with the District of Columbia such that the exercise of personal jurisdiction over NxCare would not offend traditional notions of fair play and substantial justice. NxCare has not purposefully established any sort of minimum contacts with the District of Columbia, nor has it purposefully availed itself of the privilege of doing business in the District. *Jung*, 300 F. Supp. 2d at 128-29 (citing *Burger King*, 471 U.S. at 474-75). Indeed, NxCare can have no reasonable expectation of being haled into court in the District of Columbia based on its attenuated contact with the District. *Burger King*, 471 U.S. at 474-75 (citation omitted). To do so would be a violation of due process.

Accordingly, Plaintiff has failed to allege the specific acts and conduct connecting NxCare with the District of Columbia, to demonstrate that the claims asserted arise directly from

those specific acts, or to show that NxCare at all "purposefully directed" its activities towards the District of Columbia. *See Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 5 (D.D.C. 2003) (citing *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988)); *Capital Bank Int'l Ltd. v. Citigroup, Inc.*, 276 F. Supp. 2d 72, 77 (D.D.C. 2003); *Cellutech*, 871 F. Supp. at 49 (citing *Burger King*, 471 U.S. at 475). Instead, Plaintiff improperly relies on speculation, assumption, and blanket statements to try to assert personal jurisdiction over NxCare. *GTE*, 199 F.3d at 1349 (citing *First Chicago*, 836 F.2d at 1378-79; *Jungquist v. Sheik Sultan Bin Khalifa al Nahyan*, 115 F.3d 1020, 1031 (D.C. Cir. 1997); *Naegele v. Albers*, 355 F. Supp. 2d 129, 136 (D.D.C. 2005). Plaintiff has not met its burden of coming forward with facts sufficient to establish jurisdiction over NxCare under D.C.'s long-arm statute or to show how personal jurisdiction over NxCare would meet the requirements of Constitutional due process; dismissal for lack of personal jurisdiction is therefore appropriate.

## CONCLUSION

For the reasons set forth above, NxCare respectfully requests that this Court dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Date: November 15, 2005

Respectfully submitted,

/s/
_____
Roger A. Colaizzi (DC Bar # 414025)
Michelle M. Marcus (DC Bar # 482627)
Venable LLP
575 7th Street, NW
Washington, DC  20004
Tel:  (202) 344-4000
Fax:  (202) 344-8300
Email:  mmmarcus@venable.com

Attorneys for Defendant NxCare, Inc.