UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE WEISS,<br><br>    Plaintiff,<br><br>v.<br><br>NxCARE, INC.<br>218 Silver Creek Pkwy, North<br>Suite 1163<br>Guelph, ON  N1H 8E8<br>Canada<br><br>    Defendant. | Civil Action No. 05-cv-1781 (JR) |

## ANSWER

Defendant NxCare, Inc. ("Defendant"), by and through the undersigned counsel, and for its Answer and Affirmative Defenses to the Complaint of Plaintiff Bruce Weiss ("Plaintiff"), does hereby declare and state as follows:

### PARTIES

1.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore denies same.

2.   Defendant admits the allegations set forth in the first sentence of Paragraph 2 of the Complaint.  Defendant denies the remaining allegations set forth in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendant denies that the Court has jurisdiction over it. Defendant further denies that the Court has subject matter jurisdiction over the claims alleged. Defendant denies the remaining allegations set forth in paragraph 3 of the Complaint.

4. Defendant admits venue is proper in this District.

## THE FACTS

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore denies same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies same.

## REPRESENTATIONS AND OMISSIONS BY THE DEFENDANT

7. Defendant denies the allegations set forth in paragraph 7 of the Complaint.

8. Defendant denies the allegations set forth in paragraph 8 of the Complaint.

9. Defendant avers that the "Terms of Use" page at www.nxcare.com/terms.php speaks for itself and is the best evidence of its contents. Defendant denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10. Without viewing Plaintiff's bottle of "Lean XP," Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies same.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12. Without viewing Plaintiff's bottle of "Lean XP," Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore denies same.

13. Without viewing Plaintiff's bottle of "Lean XP," Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore denies same.

14. Defendant admits that a trademark for "Thermolean" was registered in the United States Patent and Trademark Office as Registration Number 2005214, by Enrich Corporation. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 of the Complaint and therefore denies same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore denies same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and therefore denies same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and therefore denies same.

18. Defendant avers that the product page for Lean XP on Defendant's website speaks for itself and is the best evidence of its contents. Defendant denies the remaining allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant incorporates by reference its response to Paragraph 19 of the Complaint and denies the allegations set forth in Paragraph 20 of the Complaint.

21. Without viewing Plaintiff's bottle of "Lean XP," Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and therefore denies same.

22. Without viewing Plaintiff's bottle of "Lean XP," Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and therefore denies same.

## SAFETY AND EFFICACY

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint and therefore denies same.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and therefore denies same.

27. Defendant admits that Glucomannan is a water-soluble gum. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of the Complaint.

28. Without viewing Plaintiff's bottle of "Lean XP," Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and therefore denies same.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint and therefore denies same.

30. Without viewing Plaintiff's bottle of "Lean XP," Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint and therefore denies same.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant admits that Lean XP contains *simthin jojoba* seed extract, which is included in the formulation as part of the appetite suppressant blend. Defendant denies the remaining allegations set forth in paragraph 32 of the Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint and therefore denies same.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint and therefore denies same.

36. Without viewing Plaintiff's bottle of "Lean XP," Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint and therefore denies same.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant incorporates herein by reference its response to paragraph 22 of the Complaint. Defendant denies the remaining allegations set forth in Paragraph 39 of the Complaint.

### FIRST CAUSE OF ACTION – VIOLATIONS OF D.C. CODE § 28-3904(a)

40. Defendant incorporates by reference Paragraphs 1-39 of this Answer as if fully set forth herein.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

## SECOND CAUSE OF ACTION –
## VIOLATIONS OF D.C. CODE § 28-3904(d)

42. Defendant incorporates by reference Paragraphs 1-41 of this Answer as if fully set forth herein.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

## THIRD CAUSE OF ACTION –
## VIOLATIONS OF D.C. CODE §§ 28-3904(e) & (f)

44. Defendant incorporates by reference Paragraphs 1-43 of this Answer as if fully set forth herein.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

## FOURTH CAUSE OF ACTION –
## VIOLATION OF D.C. CODE § 28-3904(g)

46. Defendant incorporates by reference Paragraphs 1-45 of this Answer as if fully set forth herein.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

## FIFTH CAUSE OF ACTION –
## VIOLATIONS OF D.C. CODE § 28-3904(w)

48. Defendant incorporates by reference Paragraphs 1-47 of this Answer as if fully set forth herein.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

## SIXTH CAUSE OF ACTION –
## VIOLATIONS OF D.C. CODE § 28-3904(x)

52. Defendant incorporates by reference Paragraphs 1-51 of this Answer as if fully set forth herein.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

## SEVENTH CAUSE OF ACTION –
## VIOLATIONS OF THE LANHAM ACT

64. Defendant incorporates by reference Paragraphs 1-63 of this Answer as if fully set forth herein.

65. Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of the Complaint.

67. Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

68. Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

## PRAYER FOR RELIEF

69.     Defendant denies each and every allegation set forth in this Complaint that is not specifically admitted and further denies any allegation or implication that any of its activities give rise to any actionable claim by Plaintiff.

70.     Defendant denies that Plaintiff is entitled to any relief from Defendant and in particular to any of the relief demanded in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent the Plaintiff, by virtue of his conduct, comes to this action with unclean hands, Plaintiff is barred from bringing this action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that said Complaint and the causes of action therein fail to state facts sufficient to recover attorneys' fees against Defendant; provided however, if and to the extent a basis for a claim for attorneys' fees exists, Defendant alleges that it is entitled to recover from Plaintiff all attorneys' fees incurred in the defense of this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the allegedly disparaging or false statement or statements set forth in the Complaint are statements of opinion.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the allegedly disparaging or false statement or statements set forth in the Complaint are true.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the allegedly disparaging or false statement or statements are rhetorical hyperbole or puffery.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has suffered no harm as a result of any conduct set forth in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because this Court lacks personal jurisdiction over Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because this Court lacks subject matter jurisdiction over the claims alleged.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing to bring the alleged claims.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's claims are pre-empted.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to his own conduct, actions or failure to act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead such additional affirmative defenses as may appear in the future.

Date: November 15, 2005

Respectfully submitted,

/s/
_____
Roger A. Colaizzi (DC Bar # 414025)
Michelle M. Marcus (DC Bar # 482627)
Venable LLP
575 7th Street, NW
Washington, DC 20004
Tel: (202) 344-4000
Fax: (202) 344-8300
Email: mmmarcus@venable.com

Attorneys for Defendant NxCare, Inc.